UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERICKA CASTELLON,

    Plaintiff,

v.

TEXTRON AVIATION INC.,

    Defendant.

Case No. **25-cv-2014-TC-TJJ**

### ORDER DENYING WITHOUT PREJUDICE
### MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 20). Plaintiff requests the Court to appoint a lawyer to represent her in this case.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." For a plaintiff who asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the district court has discretion to appoint counsel "in such circumstances as the court may deem just."[3] The Tenth Circuit has identified four factors as relevant to evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the "plaintiff must make

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 142-–21.

affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[6] The discretion granted to the court in appointing counsel is extremely broad.[7] To show diligent efforts to secure an attorney, this District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[8] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. The Court has already granted Plaintiff's motion to proceed *in forma pauperis* in this case.[9] Plaintiff has also shown she made diligent efforts to obtain counsel by listing the names of or

---

[5] *Id.*

[6] *Id.* at 1421.

[7] *Id.* at 1420.

[8] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[9] *See* Order (ECF No. 4).

providing correspondence from the employment attorneys she contacted. However, the Court finds the other factors for the appointment of counsel weigh against appointing counsel at this time. A review of Plaintiff's filings to date shows that she appears capable of adequately representing herself at this early stage of the proceedings. The factual and legal issues do not appear overly complex. While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[10] The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings after resolution of dispositive motions, if warranted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 20) is **denied without prejudice**.

IT IS SO ORDERED.

Dated May 8, 2025, in Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[10] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).