UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERICKA CASTELLON,

    Plaintiff,

v.

TEXTRON AVIATION, INC.,

    Defendant.

Case No. 25-cv-2014-TC-TJJ

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Designate Wichita as the Place of Trial (ECF No. 42). Defendant requests the Court enter an order designating Wichita, rather than Kansas City, as the place of trial, pursuant to 28 U.S.C. § 1404(c) and D. Kan. Rule 40.2. It argues Wichita is a more convenient location and avoids significant travel for the majority of the material witnesses, thereby minimizing trial delays and promoting efficiency. Plaintiff opposes changing the trial location. For the reasons explained below, Defendant's motion to designate Wichita as the place of trial is denied without prejudice.

**I.     Procedural Background**

Plaintiff, proceeding *pro se*, filed this action asserting claims under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability, including disparate treatment, failure to accommodate and retaliation arising out of her employment with Defendant. In her complaint (ECF No. 1), Plaintiff designated Kansas City, Kansas as the location of the trial in this matter. On April 3, 2025, Defendant filed its Designation of Place of Trial (ECF No. 12) listing Wichita as the place of trial. The Scheduling Order (ECF No. 39) entered in this case set the jury trial location as Kansas City, as designated by

Plaintiff, and set a September 15, 2025 deadline for any motion to change the trial location. Defendant timely filed its motion to designate Wichita as the place of trial. Plaintiff filed a response opposing the motion (ECF No. 44) and Defendant filed a reply (ECF No. 45).

On September 30, 3025, Plaintiff filed a Motion for Leave to File a Sur-Reply in Response to Defendant's Reply (ECF No. 46). Plaintiff requests leave to file a sur-reply addressing Defendant's assertion that each Wichita-based witness would be required to travel to Kansas City for trial. Plaintiff did not attach her proposed Sur-Reply to her motion as required by the Court's local rules.[1] The Court therefore denies Plaintiff's Motion for Leave to File a Sur-Reply.

## II.     Legal Standards

District of Kansas Local Rule 40.2(a) requires the plaintiff to file a "request stating the name of the city where the plaintiff desires the trial to be held." However, the court is not bound by the request for place of trial and it "may determine the place of trial upon motion or in its discretion."[2] In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[3] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[4] Additionally, 28 U.S.C. § 1404(c) provides

---

[1] *See* D. Kan. Rule 15.1(a)(2) (requiring a party filing a motion for leave to file a document to attach the proposed document to be filed).

[2] D. Kan. Rule 40.2(e).

[3] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[4] 28 U.S.C. § 1404(a).

that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[5] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[6] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer,[7] and the party moving to transfer a case bears the burden of establishing the existing forum is inconvenient.[8] Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[9]

---

[5] *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[6] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

[7] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[8] *Scheidt,* 956 F.2d at 965.

[9] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

**III.  Analysis**

　　*A.  Plaintiff's Choice of Forum*

Generally, "[t]he plaintiff's choice of forum weighs against transfer."[10] "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[11] However, the plaintiff's choice of forum receives less deference if the plaintiff does not reside there or if "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[12]

Plaintiff filed her complaint in the Kansas City division and designated Kansas City as the place of trial. Plaintiff states she resides in Olathe, Kansas, which is a suburb of and geographically near Kansas City. Defendant acknowledges Plaintiff lives in Olathe, her desired trial location of Kansas City is closer to her residence than Wichita, and this factor weighs in Plaintiff's favor. The Court agrees and finds this factor weighs in favor of Plaintiff's designation of Kansas City as place of trial and against Defendant's request that trial be held in Wichita.

　　*B.  Convenience and Accessibility of the Witnesses and Evidence*

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[13] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be

---

[10] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

[11] *Id.* (quoting *Scheidt,* 956 F.2d at 965).

[12] *Emps. Mut. Cas.*, 618 F.3d at 1167 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).

[13] *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

considered."[14] Ultimately, the Court will grant Defendant's transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[15] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[16] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[17]

Defendant argues the majority of material witnesses with knowledge of Plaintiff's employment and the decisions made regarding Plaintiff's employment reside and work in Wichita. While Plaintiff identifies multiple Kansas City-based healthcare providers as potential witnesses, Defendant argues it is unclear what, if any, relevant testimony these healthcare providers would offer that would not be cumulative of the five Wichita-based care providers. The convenience of the Wichita-based witnesses is of heightened importance because of the materiality of their testimony. According to Defendant, these witnesses will testify to Defendant's knowledge of and efforts to accommodate Plaintiff's alleged disability, its treatment of Plaintiff during her employment, and its policies regarding attendance and discipline.  Therefore, Defendant contends holding the trial in Wichita would avoid significant inconvenience for the majority of the *material* witnesses and thus warrants holding the trial in Wichita rather than Kansas City.

---

[14] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, No. 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[15] *See Menefee*, 2009 WL 1313236, at *2.

[16] *McIntosh*, 2015 WL 1646402, at *2.

[17] *Emps. Mut. Cas.* 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 966).

Plaintiff argues any potential inconvenience to witnesses who reside and work near Wichita does not justify a change of place of trial. These individuals remain employed by Defendant and, given the limited duration of a three-day trial, Plaintiff argues their involvement does not present any undue hardship or logistical burden warranting transfer of the trial to Wichita. Plaintiff also suggests these witnesses can participate remotely via videoconference to minimize travel burdens and logistical hardship on them.

The parties' respective Rule 26(a)(1) initial disclosures list both Kansas City- and Wichita-based witnesses.[18] Defendant lists six Wichita-based witnesses, all who work or worked for Defendant in Wichita and have Wichita addresses. In addition to herself, Plaintiff lists multiple witnesses, including eight of her healthcare providers based in the Kansas City metropolitan area and six based in Wichita. Plaintiff also discloses six other witnesses who are not healthcare providers, four of whom are former coworkers or a supervisor, all with Wichita addresses. Plaintiff lists two other witnesses, a friend and former attorney, who both are located near Kansas City.

Plaintiff's claims in this case arise from her prior employment with Defendant at its Wichita facility. It therefore follows that the witnesses employed by Defendant at the time Plaintiff worked there would be material witnesses to the events surrounding Plaintiff's employment. It is undisputed these witnesses work and reside near Wichita. The Court agrees with Defendant that the Wichita-based witnesses would more likely be material witnesses to the events giving rise to Plaintiff's employment discrimination claims. As Plaintiff is alleging Defendant failed to accommodate her disabilities at the time she worked there, the Wichita-based healthcare providers

---

[18] *See* parties' Fed. R. Civ. P. 26(a)(1) initial disclosures (ECF No. 43-1 at pp. 3–15).

Plaintiff lists as witnesses are more likely to be called to testify at trial rather than the healthcare providers she later saw after moving to the Kansas City area.

The Court finds Defendant has met its burden by showing that the non-party witnesses whose testimony would be most material to the parties' claims and defenses are located in Wichita and therefore they would be substantially inconvenienced by being required to travel from Wichita to Kansas City to testify at trial. Although it is unclear how many of these witnesses Defendant would actually call to testify at trial, these witnesses would also be more accessible if the trial is held in Wichita where they live and work. Therefore, the Court finds this factor weighs in favor of transferring trial to Wichita.

    C.    *Fair Trial and Other Considerations*

The final two factors are the possibility of obtaining a fair trial and "all other practical considerations that make a trial easy, expeditious, and economical."

Defendant argues there are other considerations that further tip this analysis in favor of a Wichita trial location. Subpoenas issued to secure the trial attendance of any Textron Aviation witness who is not an officer of the company would be subject to objection, as these witnesses would be required to travel more than 100 miles from where they reside, are employed, or regularly transact business in person. Defendant maintains if trial is held in Wichita, the parties would more likely be able to secure the attendance of the Wichita-based individuals as witnesses. The Court suspects, however, Defendant's employees are likely to testify voluntarily without the need for subpoenas.

Plaintiff argues transferring the trial location to Wichita would place unnecessary burdens on her by requiring her to incur higher travel costs, impose logistical difficulties on her, and place an emotional or physical strain on her. Plaintiff stresses she has been medically diagnosed with

multiple impairments that substantially limit one or more major life activities. Plaintiff also argues, without any substantiation, that a change of the trial location to Wichita would likely cause a postponement and delay of the trial.

A party's physical condition and its potential impact on the party's ability to travel can also be another consideration in the Court's analysis. In *Kandt v. Garden City, Kansas*, the court considered the plaintiff's health conditions and found it a "compelling" other consideration that weighed in favor of the plaintiff's designation of Kansas City as the trial location.[19] In that case, the plaintiff asserted her medical conditions made travel from Kansas City to Wichita a health risk because she suffered long term effects of Covid and a primary immune deficiency, leaving her vulnerable to illness, often feeling fatigued, and receiving frequent infusions under the supervision of medical personnel.

Plaintiff alleges she suffers from more than one disabling condition including migraines, depression, anxiety, hypertonicity of pelvic floor, cutaneous allodynia and thoracic back pain.[20] These conditions might significantly impede Plaintiff's ability to travel to Wichita to attend and stay there an estimated three days for trial. Plaintiff is also representing herself *pro se* so she would be particularly disadvantaged by having to try her case in Wichita rather than in Kansas City. The Court considers Plaintiff's health conditions and finds this factor weighs in favor of Plaintiff's designation of Kansas City as the trial location.

---

[19] *Kandt v. Garden City, Kan.,* No. 23-CV-2043-DDC-TJJ, 2024 WL 4554010, at *4 (D. Kan. Oct. 23, 2024).

[20] Am. Compl. (ECF No. 26) ¶ 6.

### D. Conclusion

The burden lies with Defendant to establish Kansas City is substantially inconvenient for the location of trial to be moved. Here, the Court finds the convenience and accessibility of an unknown number of Wichita-based witnesses does support holding trial in Wichita rather than Kansas City. But it does not outweigh Plaintiff's choice of Kansas City and the physical burden that would be imposed upon her to travel to Wichita for the estimated 3-day trial. The Court thus finds, at this time, the balance simply does not weigh strongly in favor of transfer, as is required to disturb Plaintiff's choice of trial location. Therefore, the Court denies Defendant's motion for Wichita, Kansas to be the designated place of trial, but without prejudice to reasserting the motion at a later time after the Court has ruled on any dispositive motions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Designate Wichita as the Place of Trial (ECF No. 42) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply in Response to Defendant's Reply (ECF No. 46) is denied.

IT IS SO ORDERED.

Dated December 4, 2025, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge